## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|                              |   |                            |
|------------------------------|---|----------------------------|
|                              | : |                            |
| THOMAS SENTEMENTES,          | : |                            |
| Plaintiff,                   | : | CASE NO. 3:21-cv-215 (MPS) |
|                              | : |                            |
| v.                           | : |                            |
|                              | : |                            |
| NED LAMONT,                  | : |                            |
| Defendant.                   | : | MAY 3, 2021                |
|                              | : |                            |

---

### ORDER

Plaintiff Thomas Sentementes, incarcerated at Osborn Correctional Institution in Somers, Connecticut, filed this case under 42 U.S.C. §§ 1983, 1985, and 1986.  The plaintiff names one defendant, Governor Ned Lamont, in the caption of the complaint but includes twelve defendants on an attached handwritten complaint, i.e., Governor Ned Lamont, Warden Robert Martin, Public Defender Robert Leaf, Bethel First Selectman Matthew Knickenbocker, Bethel Police Chief Jeffrey Finch, Bethel Police Sergeant Rost, Bethel Police Corporal Zor, Bethel Police Officer Emerson, Pasqualina Bastone, Daniel Sentementes, Bank of America CEO Brian Moynihan, and the President or Director of Danbury Hospital.  Liberally construing the plaintiff's submission, the Court considers all ten persons as defendants in this case.  The plaintiff asserts federal claims for violation of his rights under 42 U.S.C. §§ 1983, 1985, and 1986, as well as conspiracy and malicious prosecution, and state law claims for slander, defamation of character, breach of fiduciary duties, and intentional infliction of emotional distress.  For each claim, the plaintiff seeks punitive, exemplary, compensatory, and emotional

distress damages in the amount of $2,000,000.00 each.

The Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.  This requirement applies to all prisoner filings regardless whether the prisoner pays the filing fee.  *Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 159 (D. Conn. 2005) (citing *Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam)).  Here, the plaintiff is proceeding *in forma pauperis.*

Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief.  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007).  Conclusory allegations are not sufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.   "A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

"Although courts must interpret a pro se complaint liberally, the complaint will be dismissed unless it includes sufficient factual allegations to meet the standard of facial plausibility."  *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

I.    Allegations

On January 28, 2019, the Bethel police applied for an arrest warrant, arrested the plaintiff, and held him on a $250,000 bond.  ECF No. 1 at 5.  The plaintiff was incarcerated until

2

January 14, 2020, when he was found not guilty after trial. *Id.* The plaintiff contends that evidence at trial showed false statements in the warrant, perjured testimony by police officers, and "conspired" claims of assault on emergency personnel. *Id.*

The plaintiff and defendant Bastone, his fiancé, were partners in two liquor stores and a restaurant. *Id.* Bastone submitted an insurance claim for $27,300.00 in employee theft. *Id.* After an inventory revealed that the claim was false, the plaintiff confronted Bastone and demanded return of the money. *Id.* The plaintiff then left the Redding store and went to the Bethel store. *Id.*

Bastone called the Redding Police Department complaining about the plaintiff. *Id.* at 7. The police advised her to seek a restraining order if she had an issue with the plaintiff. *Id.* Bastone then called the Bethel Police Department, asked for two officers by first name, and reported that the plaintiff was at the Bethel store smashing bottles. *Id.* at 7 & ¶ 1. Bethel police officers went to the Bethel store and talked to the plaintiff for three hours, during which time, the plaintiff became intoxicated. *Id.*

Zor parked his car behind the plaintiff's truck as the plaintiff was exiting the truck to enter the Bethel store. *Id.* ¶ 1. Zor followed the plaintiff into the store asking if the plaintiff was intoxicated. *Id.* The plaintiff said no, and proceeded to check the evening's sales. *Id.* When Zor followed the plaintiff behind the counter, the plaintiff asked him to leave the store. *Id.* As they argued, five other officers entered the store. *Id.* No officer explained his presence and all refused to leave the store for three hours. *Id.* During this time, the plaintiff began drinking. *Id.* When Bastone arrived, the police declined to arrest the plaintiff but asked him to go to Danbury Hospital as he had ingested a large amount of alcohol. *Id.* ¶ 2. The incident concluded with the

3

plaintiff agreeing to go to the Danbury Hospital.  *Id.* at 7 & ¶ 2.

The plaintiff remained in the psychiatric ward at the hospital for two days.  *Id.* ¶ 3.   He was served with an ex parte restraining order.  *Id.*  After the two days, the plaintiff left the hospital and never returned home or went to the stores.  *Id.*  Two weeks later, the plaintiff was arrested for assault on a public safety officer, criminal mischief, and driving under a suspended license.  *Id.* at 7 & ¶ 3.

At trial, Zor, Rost, and Emerson testified that the plaintiff was acting aggressively, smashing his fists on the counter, while surveillance footage showed him sitting calmly behind the counter.  *Id.* ¶ 4.  Prior to trial, Bastone had given the Bethel police a thumb drive containing footage of the plaintiff acting aggressively several months earlier.  *Id.* ¶ 5.  When the State's Attorney learned about this, he dropped the criminal mischief charge.  *Id.*  The charge for driving under a suspended license also was dropped because the plaintiff's license was expired, not suspended.  *Id.*  The assault on a public safety officer charge remained, based on a claim that the plaintiff spit at a police officer.  *Id.*

At trial, Zor presented three pictures of the area where the plaintiff allegedly spit at the officer.  *Id.* ¶ 6.  The plaintiff noted the presence of surveillance cameras in the pictures.  *Id.* ¶ 7. He was unable to obtain the surveillance footage because the Danbury Hospital only retains footage for thirty days.  *Id.*  Although the police claimed that the plaintiff spit at nurses, staff, and a security guard, they provided no witnesses at trial.  *Id.*  Zor, Rost, and Emerson testified about the spitting incident.  *Id.* ¶ 8.  Each gave a different version of the events and testified that a different type of mask was applied to the plaintiff.  *Id.*   The plaintiff was acquitted of the charge. *Id.* at 7.

4

The plaintiff represented himself at trial.  Warden Martin failed to comply with the state judge's order that the plaintiff be provided copies of a Connecticut trial practice book, the Connecticut Practice Book, Connecticut statutes, paper, pens, envelopes, and stamps.  *Id.* ¶¶ 10-c, 24.  The plaintiff also was denied his civilian clothes for voir dire.  *Id.* ¶ 10-c.

Bank of America CEO Moynihan ignored requests from the plaintiff for two years and ignored a power of attorney granted to the plaintiff's friend to access to the plaintiff's bank account.  *Id.* ¶ 19.  The CEO also failed to prevent $27,000.00 in ATM withdrawals from the plaintiff's account.  *Id.*  The plaintiff's brother, Daniel Sentementes, as executor of their mother's estate, withheld the plaintiff's inheritance.  *Id.* ¶ 22.

II.   Analysis

The plaintiff's claims in this action concern a state charge on which he was acquitted.  He first attempted to assert these claims in *Sentementes v. Town of Bethel*, No. 3:20-cv-580(MPS) ("*Sentementes I*").  The Court dismissed the claims asserted in that case on initial review of the original and amended complaints.  The case was closed on January 4, 2021.  On December 28, 2020, while that first case still was pending, Sentementes filed *Sentementes v. Lamont*, No. 3:20-cv-1827(MPS) ("*Sentementes II*"), asserting some of the claims in Case No. 3:20-cv-580.  On February 22, 2021, he commenced this action, again asserting some of the same claims and attempting to correct the deficiencies that led to the dismissals in Case No. 3:20-cv-580, as well as adding a conspiracy claim against the Bethel police officers.

The Court's dismissal of *Sentementes I* bars the federal claims in this action.  The doctrine of *res judicata*, or claim preclusion, provides that a final judgment on the merits of an action precludes the parties from relitigating issues that were, or could have been, raised in that

action.  *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 284-85 (2d Cir. 2000).  The

district court can raise *res judicata sua sponte*.  *See Corley v. Farrell*, 833 F. App'x 908, 909 (2d

Cir. 2021) (summary order) (noting that court has held that district court can raise *res judicata*

*sua sponte*) (citation omitted).

     The doctrine of *res judicata* will apply if three conditions are met:  (1) the previous action

involved an adjudication on the merits. (2) the previous action involved the same parties or those

in privy with them; and (3) the claims asserted in the second action were, or could have been,

raised in the prior action.  *Allen v. McCurry*, 449 U.S. 90, 94 (1980).  All three conditions are

met here.

     *Sentementes I* was dismissed for failure to state a claim after the plaintiff was afforded an

opportunity to amend his complaint to correct identified deficiencies in his federal claims.  A

"dismissal for failure to state a claim operates as a final judgment on the merits and thus has *res*

*judicata* effects."  *Turner v. Soche*r, No 19-CV-11842(CM), 2020 WL 704852, at *3 (S.D.N.Y.

Feb. 11, 2020) (quoting *Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581,

583 (2d Cir. 2016) (internal quotation marks omitted)); *see also Schlosser v. Kwak*, No. 3:20-cv-

393(SRU), 2020 WL 4003502, at *6 (D. Conn. July 15, 2020) (dismissing as barred by *res*

*judicata* claims previously dismissed on initial review after allowing plaintiff an opportunity to

amend); *Orr v. U.S. Air Force*, No. 6:15-CV-1132(GTS/TWD), 2015 WL 6671559, at *5

(N.D.N.Y. Oct. 30, 2015) (dismissing as barred by *res judicata* claims that had been previously

dismissed on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B)).  Thus, *Sentementes I* was an

adjudication on the merits.

     The plaintiff filed both actions and all defendants in this case were named as defendants

6

in *Sementes I*, in either the original or amended complaints.  In addition, all the claims in this

case were, or could have been, raised in *Sementes I*.  To make this determination, the court

considers whether the present claims arise out of the same transactions or series of transactions

asserted in the prior action, *see Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001), or, whether

facts essential to the second action were present in the first action.  *NLRB v. United Techs. Corp*.,

706 F.2d 1254, 1260 (2d Cir. 1983).  "A party cannot avoid the preclusive effect of *res judicata*

by asserting a new theory or a different remedy."  *Brown Media Corp. v. K&L Gates, LLP*, 854

F.3d 150, 157 (2d Cir. 2017) (internal quotation marks and citation omitted).  The incidents

underlying the claims in this case are the same incidents set forth in *Sementes I*.  Thus, there

was no impediment to the plaintiff asserting all of his claims in *Sementes I*.

As all three conditions are met, the federal claims in this case are barred by the doctrine

of *res judicata* and are dismissed with prejudice.  *See Schlosser*, 2020 WL 4003502, at *7 (citing

*Ritz v. Erie Indem. Co.*, No. 1:17-CV-00340-CRE, 2019 WL 438086, at *1 (W.D. Pa. Feb. 4,

2019)).

III.    Conclusion

All federal claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) as barred by *res*

*judicata*.  The Court declines to exercise supplemental jurisdiction over the plaintiff's state law

claims.  *See* 28 U.S.C. § 1367(c)(3) (district court may decline to exercise supplemental

jurisdiction where all federal claims have been dismissed).

**SO ORDERED** this 3d day of May 2021 at Hartford, Connecticut.

_____/s/_____
Michael P. Shea
United States District Judge

7